UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 14 2015 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA

– against –

PATRICK MULLINGS,

Defendant.

15-CR-00072

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

Appearances

For United States:

Peter W. Baldwin
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7000
peter.baldwin@usdoj.gov

For Defendant:

Melvyn K. Roth
666 Old Country Road
Suite 501
Garden City, NY 11530
516-683-8400
mkresq@optonline.net

## Table of Contents

I. Introduction ................................................................................................................3
   A. Instant Offense: Bank Fraud .................................................................................3
      1. Purchase of Marion Street Property ..............................................................3
      2. First Mortgage Scheme ..................................................................................3
   B. Second Mortgage Scheme .....................................................................................4
   C. Arrest .....................................................................................................................4
   D. Guilty Plea ............................................................................................................5
   E. Sentencing ............................................................................................................5
II. Offense Level, Category, and Sentencing Guidelines Range ....................................5
III. Law ............................................................................................................................6
IV. 18 U.S.C. § 3553(a) Considerations ..........................................................................7
V. Sentence .....................................................................................................................8
VI. Conclusion .................................................................................................................8

## I. Introduction

Defendant, a well-off family man with extensive experience in the real estate industry, pled guilty to bank fraud, in violation of 18 U.S.C. § 1344, for his involvement in a mortgage fraud scheme. His conduct appears to be an aberration from an otherwise productive and law-abiding life. Defendant is sentenced to time-served followed by three years' supervised release. Forfeiture of the $525,000 he fraudulently obtained, plus a $25,000 fine, serve as sufficient punishment.

### A. Instant Offense: Bank Fraud

Between October 2007 and December 2008, Mr. Mullings and co-participants executed a scheme to defraud Wells Fargo Bank, N.A. *See* Presentence Investigation Report ¶ 1.

#### 1. Purchase of Marion Street Property

On October 19, 2007, Mr. Mullings, through his company Joon Asset Management Corporation ("Joon Asset"), purchased a property located at 502 Marion Street in Brooklyn, New York for approximately $350,000. Presentence Investigation Report ¶ 7. He evicted the tenants and renovated the property. *See* Sentencing Hearing ("Sent. Hr'g").

#### 2. First Mortgage Scheme

Next, defendant recruited a straw buyer to apply for a mortgage loan to repurchase said property. Presentence Investigation Report ¶ 8. The mortgage loan application, submitted to Wells Fargo Home Mortgage ("Wells Fargo") (a wholly-owned subsidiary of Wells Fargo Bank, N.A.), falsely represented that the straw buyer was repurchasing the Marion Street property and intended to live there. *Id.* at ¶ 9. The application contained false information about the straw buyer's employment, the seller of the property, and how the proceeds of the loan were to be distributed. *Id.*

On January 9, 2008, Wells Fargo issued a mortgage loan in the amount of approximately $601,293.08 to the straw buyer. *Id.* at ¶ 10. Mr. Mullings then deposited approximately $525,000 of the total loan amount into his personal bank account and the bank accounts of his two companies, Joon Asset and Stingray Capital, LLC ("Stingray"). *Id.* at ¶ 11. The disbursements were as follows: $50,250 to the defendant himself; $10,000 to Joon Assets; and $465,791.54 to Stingray. *Id.* None of the recipients were disclosed as intended recipients of the loan proceeds in the loan application to Wells Fargo. *Id.* Mr. Mullings also paid $10,000 to the straw buyer. *See* Sent. Hr'g.

The mortgage payments on the house were paid solely by Mr. Mullings. Presentence Investigation Report at ¶ 12.

### B. Second Mortgage Scheme

On September 10, 2008, Mr. Mullings sold the Marion Street property to a third-party buyer for approximately $700,000. *See* Addendum to the Presentence Report; Second Addendum to Presentence Report. He signed the documents related to the transaction on behalf of Joon Asset. Addendum to the Presentence Report. There were no references to the first transaction in any of the documents associated with this second sale of the property. *Id.*

The same day, Golden First Mortgage Corporation ("Golden First") issued a $687,487 mortgage loan to the third-party buyer. $609,763.87 of that total loan amount was deposited into defendant's company, Stingray. *Id.*

### C. Arrest

In or around August or September 2012, after Mr. Mullings defaulted on a mortgage payment for the first loan, law enforcement agents began an investigation into the property. Presentence Investigation Report ¶ 13.

Wells Fargo initiated foreclosure proceedings against the straw buyer with respect to the Wells Fargo loan and the Marion Street property. *Id.* at ¶ 14. The proceedings are ongoing. *See* Sent. Hr'g.

The unpaid principal balance of the loan is $444,523.39. Presentence Investigation Report ¶ 16. The court makes no finding with respect to the current value of the property except to find, for the reasons stated on the record, that Wells Fargo has incurred no loss because the fair market value exceeds the unpaid balance. *Id.*; Sent. Hr'g. The Government does not dispute this finding. Sent. Hr'g.

Mr. Mullings was arrested on December 16, 2014. *Id.* at ¶ 15. He was released the same day on a $100,000 unsecured bond. Presentence Investigation Report.

**D. Guilty Plea**

On March 9. 2015, the defendant pled guilty to the single count of bank fraud in violation of 18 U.S.C. § 1344. *See* Hearing Transcript 42:8–10. Pursuant to the plea agreement, he consented to the forfeiture of $525,000. *Id.* at 30:18–31:1.

**E. Sentencing**

Defendant was sentenced on August 3, 2015. *See* Sent. Hr'g. The proceeding was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for possible review of sentences on appeal). This practice has been followed for several years.

**II. Offense Level, Category, and Sentencing Guidelines Range**

Defendant's total offense level is 7. Presentence Investigation Report ¶ 29; Sent. Hr'g. The criminal history category is I. Presentence Investigation Report at ¶ 32; Sent. Hr'g. The

Sentencing Guidelines ("Guidelines") imprisonment range is 0–6 months. *See* U.S.S.G. Ch. 5 Pt. A.

As a Class B Felony, the Guidelines range for a term of supervised release is two to five years. U.S.S.G. § 5D1.2(a)(1). A special assessment of $100 is mandatory. 18 U.S.C. § 3013(a)(2)(A). The Guidelines range for the imposition of a fine for this offense is $500 to $1,000,000. Presentence Investigation Report ¶ 71.

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.*

Although a written statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, justifiable parsimony in incarceration is prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary . . . ."); National Research Council of the National Academies, The Growth of Incarceration in the United States, Exploring Causes and Consequences, 8 (2014) ("Parsimony: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

6

## IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

The defendant had a relatively good upbringing. Son of a former United Nations field service employee, defendant lived, as a result of his father's work, in Jamaica, Israel, Egypt, and New York. Presentence Investigation Report ¶ 37.

Mr. Mullings, a United States citizen, graduated with a Bachelor of Science in business administration. *Id.* at ¶ 48. In the 1990's, he worked for banks, brokerage houses; he possessed licenses to sell securities. *Id.* at ¶ 50. In 2001, Mr. Mullings entered the real estate business, purchasing multiple properties and transforming them into limited liability corporations. *Id.* at ¶ 51. He owned and created Joon Assets and Stingray, through which he bought, sold, and rented residential properties. *Id.*

Since 2004, defendant has lived with his family in Huntington, New York. *Id.* at ¶ 42. The home is adequately maintained and furnished in a manner consistent with the defendant's income of $8,000 per month. *Id.* His total net worth is approximately $2 million. Sent. Hr'g.; Presentence Investigation Report.

Defendant has a good relationship with his sister, who describes her brother as "educated, responsible, approachable, loving, funny, supportive, and encouraging." *Id.* at ¶ 39. He also enjoys a good relationship with his wife and three young children. *Id.* at ¶ 40; *see also* Sent. Hr'g. His wife describes the instant crime as an aberration and states that he is "an absolutely wonderful father, a great provider, and a caring husband." Presentence Investigation Report ¶ 41.

For the reasons stated on the record, a custodial sentence is unnecessary. Sent. Hr'g. Defendant's criminal conduct here appeared to be an "aberration" from his otherwise law-abiding life. A custodial sentence will cause hardship to his wife and three young children who all depend on him. Presentence Investigation Report ¶ 41; Sent. Hr'g.

The court, for the reasons discussed on the record, declines to adopt the Government's position that the second mortgage fraud scheme should be considered as relevant conduct to raise the total offense level to 20. *Id.*; *see* Sent. Hr'g; Addendum to the Presentence Report. Financial lending institutions themselves should exercise more due diligence by more carefully examining the backgrounds of those who apply for mortgage loans. Sent. Hr'g.

## V. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Mullings was sentenced to time-served and a supervised release term of three years. *Id.* A $100 special assessment was imposed. 18 U.S.C. § 3013(a)(2)(A).

For the reasons stated on the record, the defendant was fined $25,000. Sent. Hr'g. Pursuant to the plea agreement, Mr. Mullings also consented to an entry of a forfeiture money judgment in the amount of $525,000. *See* Sent. Hr'g; Order of Forfeiture, Aug. 4, 2015, ECF No. 20-1. The forfeiture and fine constitute sufficient punishment.

## VI. Conclusion

General and specific deterrence are achieved by the sentence. All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of

title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: September 8, 2015
      Brooklyn, New York